NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CHARLES A. CERONE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-00214 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BANK OF AMERICA, BANK OF AMERICA INVESTMENT SERVICES, and MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC. | : : : : | |
| | : | |
| Defendants. | : : | |

PISANO, District Judge.

Plaintiff Charles Cerone filed a Statement of Claim in a Financial Industry Regulatory Authority ("FINRA") Dispute Resolution proceeding in April 2010 against Defendants Bank of America, Bank of America Investment Services, and Merrill, Lynch, Pierce, Fenner & Smith, Inc. (collectively, "Bank of America"). A former employee of Bank of America, Cerone alleged breach of contract, breach of the covenant of good faith and fair dealing, misrepresentation, and wrongful discharge. The arbitration panel ruled against Cerone in October 2011. He filed this Complaint on January 12, 2012, alleging that the arbitration panel exhibited "manifest disregard of the law" and that therefore the award must be vacated. Currently before the Court is Defendants' Motion to Dismiss for failure to state a claim. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Motion shall be granted.

1

I.     **Background**

Cerone began working as a Financial Consultant at Bank of America in June 2004. Compl. ¶ 14.  He had originally been recruited to join Quick and Reilly, Inc. (Q&R) as an insurance consultant, but Q&R merged into Bank of America.  Cerone claims to have been assured that his offer would be honored by Bank of America in every respect.  Compl. ¶¶ 9-12. Bank of America in fact eliminated his position, but Cerone stayed on as a Financial Consultant, allegedly due to assurances that he would be able to work informally as an insurance consultant. Compl. ¶ 18.  Cerone further alleges that before and during his employment, he was promised referrals for insurance business by Christopher Dumont, a Bank of America Manager.  Compl. ¶¶ 12, 18, 20.  He claims that he was never given the promised referrals, and that his business suffered as a result.  Compl. ¶¶ 21, 25, 26, 30.  Bank of America terminated his employment on December 4, 2009.  Compl. ¶ 30.

In April 2010, Cerone filed a Statement of Claim in a FINRA Dispute Resolution proceeding, asserting breach of contract, breach of the covenant of good faith and fair dealing, misrepresentation, and wrongful discharge.  Compl. ¶ 37.  He claims that his counsel was not aware of the Defendants' violation of the New Jersey Wage Payment Law until September 2011, when it was too late to bring a claim under that law.  Nevertheless, he sought to incorporate this allegation into his breach of contract claim.  Compl. ¶ 38.  Hearings were held before an arbitration panel on September 14 and 15, and October 5 and 6, 2011.  The arbitrators ruled against Cerone on all of his claims on October 24, 2011.

Cerone filed a Complaint in this Court on January 12, 2012, arguing that the arbitration panel's ruling must be vacated for its "manifest disregard of the law."  Compl. ¶¶ 41-42 (citing

*International Brotherhood of Teamsters Local Union 177 v. United Parcel Service*, 2011 U.S. Dist. Lexis 89433 (D.N.J. Aug. 11, 2011); *Vitarroz Corporation v. G. Willi Food International*, 637 F. Supp. 2d 238 (D.N.J. 2009); *Stolt-Nielsen S.A. v. Animal Foods International Corp.*, 130 S. Ct. 1758, 1768 n.3 (2010). The Defendants filed the instant Motion to Dismiss on February 22, 2012.

## II.     Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).  All reasonable inferences must be made in the Plaintiff's favor.  *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbien, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).  The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007).  More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At the outset, the Court notes that the Plaintiff did not file a petition to vacate the arbitration award as provided for in the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 10(a), 12-13. Rather, he filed a new Complaint in this Court, re-asserting the claims that were denied by the arbitration panel, and asserting that such denial showed a manifest disregard of the law. Despite the unusual procedural step taken by the Plaintiff, the Court will address the Defendants' Motion to Dismiss the Complaint on its merits.

### III.     Failure to State a Claim for Vacatur of an Arbitration Award

Bank of America argues in the instant Motion that Cerone has failed to articulate any valid basis for vacatur of the arbitration award under the Federal Arbitration Act ("FAA"). The Defendants question the continued existence of a legal basis for overturning an arbitration award under a "manifest disregard of the law" standard, but primarily argue that the award in this case does not show manifest disregard in any event. The Defendants claim that Cerone has alleged nothing more than his own disagreement with the arbitrators' decision. In opposition, Cerone argues that "manifest disregard of the law" is still a viable basis for overturning an arbitration award, and that he has pled sufficient facts to meet this standard, thereby surviving a Rule 12(b)(6) Motion.

The FAA creates a strong presumption in favor of enforcing arbitration awards. *Brentwood Medical Associates v. United Mine Workers of America*, 396 F.3d 237, 241 (3d Cir. 2005); *Amalgamated Meat Cutters & Butcher Workmen v. Cross Brothers Meat Packers Inc.*, 518 F.2d 1113, 1121 (3d Cir. 1975). Pursuant to the FAA, a district court may vacate an arbitration award only under a limited set of circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of

4

> them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The Supreme Court has explicitly reserved ruling on whether or not the "manifest disregard of law" doctrine survived its decision in *Hall Street Associates v. Mattel*, 128 S. Ct. 1396 (2008), either as "an independent ground for review or as a judicial gloss on the enumerated grounds" in the FAA. *Stolt-Nielsen*, 130 S. Ct. at 1768 n.3. The Third Circuit has not yet ruled on the issue, and the decisions of other Circuits are split. *See*, *e.g.*, *Paul Green School of Rock Music Franchising LLC v. Smith*, 389 F. App'x 172, 176-77 (3d Cir. 2010). The Second and Ninth Circuits have held that the doctrine survives because a manifest disregard for the law is one way that arbitrators may "exceed their powers" under 9 U.S.C. § 10(a)(4). *Id.* at 177 n.6 (citing *Comedy Club Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (2d Cir. 2008); *Stolt-Nielsen SA v. Animal Feeds Int'l Corp.*, 548 F.3d 85, 93-95 (2d Cir. 2008)). The Fifth and Eleventh Circuits, however, have held that the doctrine is no longer valid. *Id.* (citing *Frazier v. CitiFinancial Corp. LLC*, 604 F.3d 1313 (11th Cir. 2010); *Citigroup Global Markets v. Bacon*, 562 F.3d 349, 357 (5th Cir. 2009)).

Whether or not a "manifest disregard" standard still applies in the Third Circuit, it is clear that a Plaintiff must do more than state his disagreement with the arbitrator's ruling in order to survive a motion to dismiss. "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Stolt-Nielsen S. A.*, 130 S. Ct. at 1767 (quoting Major League Baseball Players Assn. v. Garvey, 532 U.S. 504, 509 (2001)) (internal citations omitted). Thus, if an "'arbitrator is even arguably construing or applying the contract and acting within the scope

5

of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *Eastern Associated Coal Corp. v. United Mine Workers of America, District 17*, 531 U.S. 57, 62 (2000) (citing *Paperworkers* v. *Misco, Inc.,* 484 U.S. 29, 38 (1987)). "Neither a court's disagreement with the arbitrator's construction of a contract nor its belief that its interpretation of a contract is better justifies a court overruling the arbitrator." *Exxon Corp. v. Local Union 877, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 980 F.Supp. 752, 760 (D.N.J. 1997) (citing *News America Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990)).

Even accepting all of Plaintiff's allegations as true for purposes of a 12(b)(6) motion, he cannot meet the high standard for overturning an arbitration award. His Complaint simply re-asserts the claims that were addressed in the arbitration. No matter how compelling these claims might be, they have already been addressed by the arbitrators and it is not for this Court to re-examine them. *See*, *e.g.*, *Paul Green School of Rock*, 389 F. App'x at 177. Cerone's Complaint merely repeats the allegations that were before the arbitration panel, and then argues that the panel exhibited "manifest disregard of the law" by denying the claims. For example, Plaintiff emphasizes his claim that the Defendants illegally withheld his earned commissions. He admits that he failed to timely amend his FINRA filing to include a claim that the withholding of commissions violated New Jersey's wage payment statute, noting that the existence of such a claim did not come to his attorney's attention until soon before the hearing. However, he sought to incorporate it into his contract claims. Specifically, he asserted that the Defendants' actions constituted a clear violation of the Wage Payment Law, N.J.S.A. 34:11-4.2, 4.4, and that "construction of contractual rights includes application of existing law." Compl. ¶ 38; *see* Pl. Opp. to Mot. 5-6 (citing *Camden Board of Education v. Alexander*, 181 N.J. 187, 195 (N.J.

6

2004).  In this, as well as in his other claims before the Court, Plaintiff does no more than assert that the arbitration panel's failure to grant his claim demonstrates the manifest disregard of the law necessary to overturn its ruling.

Plaintiff's only claim examining the conduct of the panel, rather than merely re-examining the claims that were before the panel, relates to his allegation that the Chairman refused to accept copies of a case that the Plaintiff relied on.  This allegation certainly does not state the elements of the manifest disregard doctrine.  Even if the case were dispositive in Plaintiff's favor, which the Defendants of course dispute, a refusal to accept paper copies is not enough to show that controlling law was deliberately ignored.

In their Motion to Dismiss, the Defendants present evidence of the arguments they made in opposition to Plaintiff's claims before the arbitration panel, in order to demonstrate that the Plaintiff has "had his day in court" and that there was a basis for the panel's decision.  However, it is not necessary for this Court to go beyond the pleadings and convert this Motion into one for summary judgment.  Naturally, the Defendants disputed the Plaintiff's factual allegations and presented defenses to his claims in the arbitration proceeding.  To examine each claim and its opposition in detail here would subvert the purpose of the FAA by engaging in a *de novo* review of the arbitration award.

Instead, the Court must respect the high standard the law sets for vacatur of an arbitration award.  Even an "erroneous interpretation" of the law would not suffice for this Court to disturb the award.  *Paul Green School of Rock*, 389 F. App'x at 177 (quoting *Local 863 Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. V. Jersey Coast Egg Producers*, 773 F.2d 530, 533 (3d Cir. 1985)).  By simply duplicating the claims that have

already been addressed in arbitration and without pleading anything more, the Plaintiff has failed to state a claim for which relief may be granted.

### IV.  Conclusion

For the foregoing reasons, the Plaintiff has failed to state a claim that the arbitration award against him must be vacated.  Therefore, this case is closed.  An appropriate Order follows.

                                                        /s/ Joel A. Pisano_____
JOEL A. PISANO
United States District Judge

Dated: June 4, 2012